IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

SOLOMON CHAMBERS, SR.,

        Defendant.

Criminal No. 18-0186
Civil No. 19-1684

ELECTRONICALLY FILED

**MEMORANDUM ORDER OF COURT**

Before the Court are several Motions filed by Defendant on the criminal and/or the civil

docket.  The Court has considered each of these Motions, and will address each Motion herein.

**Procedural Background**

Defendant was indicted on July 10, 2018 of one count of conspiracy to commit bank

fraud in violation of 18 U.S.C. § 1349.  ECF 22.  He eventually entered into a plea agreement

with the United States Government, and a per his plea agreement, he pled guilty on March 12,

2019, to conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349, and agreed to pay

mandatory restitution in the amount of $12,750.00.  (ECF 46-1).   The Court scheduled his

sentencing hearing for November 13, 2019.

During the November 13, 2019 sentencing hearing, the Court sentenced Defendant to a

six-month term of imprisonment – which was a downward departure from the 8-14-month

imprisonment term under the United States Sentencing Guidelines.  ECF 67.  Based upon

Defendant's ties to the community and his lack of violent criminal history, the Court found that

he was not a danger to any other person or the community, and because Defendant had been

compliant with his pre-sentence bond requirements, the Court allowed Defendant to self-report

to prison by no later than January 10, 2020.  ECF 67, p. 2.  As the time to self-report to the

prison neared, Defendant began to file various documents on the dockets, to delay the implementation of his below-guideline range sentence.

First, on November 26, 2019, Defendant filed a counseled Motion to Clarify and/or Re-Classify Sentence/Judgment. ECF 68. This Motion argued that because he spent over 30 days in a Washington County jail,[1] those days should count against the six-month federal prison sentence this Court imposed. Id. This Motion further requested that, if Defendant had to be incarcerated for six months, he be incarcerated in either Greene County or Washington County Jail so that he could participate in a work release program at one of those locations.[2] Id. This motion was filed on Defendant's behalf by the attorney who was appointed pursuant to the provisions of the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A (ECF 9) and who represented Defendant from the inception of this case through the change of plea and sentencing hearings. Id.

The Court denied this Motion noting that "the calculation of the time any Defendant serves, lies exclusively within the province of the Bureau of Prisons and the Attorney General." ECF 71, citing 18 U.S.C. § 3585 and *United States v. Wilson,* 503 U.S. 329 (1992). The Court also denied his request to be incarcerated in either the Green or Washington County Jails, noting that such a request was not made at the time sentencing, and more importantly, that the Court could not "dictate to the Bureau of Prisons where Defendant should be incarcerated." Id., citing *Davage v. United States*, 1997 WL 180336, at *4 (E.D. Pa. Apr. 16, 1997) ("Section 3621(b)

---

[1] The Motion suggests that Defendant spent 35 days and 49 days in the state jail system for conduct related to the instant crime to which he pled guilty. ECF 68.

[2] Defendant suggested that the work release program was germane to his ability to maintain employment, noting that if Defendant went to prison for the six-month term, he would lose his employment and his social security disability income, making it difficult for him to pay the restitution as set forth in plea agreement and this Court ordered as part of his sentence. ECF 68.

authorizes the Bureau 'to designate the place of confinement for purposes of serving federal sentences of imprisonment.'").

After failing to prevail on the Motion to Clarify (ECF 68), on December 16, 2019, Defendant, acting *pro se,* filed another Motion. This *pro se* Motion sought the appointment of new counsel, noting that "several errors" had occurred "in [his] presentencing report, the calculation of [his] sentencing scale, and all in around ineffectiveness of representation." ECF 72. The Court denied that Motion on December 19, 2019, because Defendant's case was closed, and no appeal was pending. ECF 73. Thus, the Court found no basis upon which the Court could appoint new counsel, but noted that the Order would not preclude Defendant from raising an ineffective assistance of counsel claim "at the appropriate time should he choose to do so." Id.

Next, Defendant retained counsel (which the Court finds curious in light of the fact that his prior counsel was appointed under the CJA due to his alleged inability to pay an attorney), and his newly retained counsel entered his appearance on December 31, 2019.[3] ECF 74. On that same date, December 31, 2019, Defendant's new counsel filed a Motion to Vacate Sentence under 28 U.S.C. § 2255. ECF 75. A civil docket was opened at docket number 19-cv-01684 on December 31, 2019, after this counseled Motion to Vacate was filed. On January 2, 2020, Defendant himself filed a *pro se* Motion to Vacate Sentence under 28 U.S.C. § 2255. ECF 76.

These filings prompted this Court to issue a *Miller* Notice on January 3, 2020. ECF 77. On that same date, Defendant's attorney filed an Emergency Motion to Stay the Execution of Sentence on the civil docket (see doc. no. at 19-cv-01684). Then, on January 6, 2020,

---

[3] Defendant's counsel, who had been appointed pursuant to CJA and who had represented Defendant throughout the proceedings, filed a Motion to Withdraw his appearance on January 6, 2020 (ECF 78), which this Court granted the same day. ECF 79.

Defendant's new attorney filed a Motion for Extension of Time, seeking additional time to file Defendant's Intent with respect to the *Miller* Notice on the civil docket. Doc. no. 4 at 19-cv-01684.

On January 8, 2020 Defendant filed his *Miller* Notice Statement of Intention noting that he: (1) was withdrawing the *pro se* Motion to Vacate Sentence under 28 U.S.C. § 2255 (ECF 76), and (2) intended to proceed with the counseled Motion to Vacate Sentence – subject to this Court's ruling on the Motion for Extension of Time. See doc. no. 5, at 19-cv-01684.

Finally, the Government filed a Response to the Emergency Motion for Stay of Execution of Sentence on January 8, 2020. Doc. no. 6 at 19-cv-01684.

The Court will now address all of these Motions.

**1. Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255 - ECF 75**

The Court will begin by dismissing Defendant's remaining Motion to Vacate Sentence as untimely filed. Section 2255 states:

> *A prisoner in custody* under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C.A. § 2255 (a) (emphasis added). In *U.S. ex rel. Rosenberg v. U.S. Dist. Court for E. Dist. of Pa.*, 460 F.2d 1233, 1234 (3d Cir. 1972), the United States Court of Appeals for the Third Circuit when construing this portion of Section 2255 noted that "one of the basic requirements is that the petitioners be in federal custody." *Rosenberg,* 460 F.2d 1233, 1234 (3d Cir. 1972), *citing Schlanger v. Seamens*, 401 U.S. 487, 91 S. Ct. 995, 28 L.Ed.2d 251 (1971). In *Rosenberg,* the petitioners were on bail awaiting trial, thus the Court of Appeals held that they

failed to meet the first requirement of Section 2255, because they were not under sentence of a court.

Given the plain, unambiguous language found in the statute and the Court of Appeals' own interpretation of same, this Court finds that because Defendant herein was not (and still is not a "prisoner in custody"), his Motion to Vacate was prematurely filed, as he did not meet the threshold requirement to filing same. Accordingly, Defendant's sole remaining Motion to Vacate Sentence under 28 U.S.C. § 2255 (ECF 75) shall be dismissed without prejudice to refile at the appropriate time.

**2. Defendant's Motion for Extension of Time - doc. no. 4, at Civ. No. 19-01684**

Given the Court's decision to dismiss Defendant's Motion to Vacate Sentence (ECF 75) as untimely filed, Defendant's counseled Motion for Extension of Time as it relates to the *Miller* Notice will be DENIED AS MOOT.

**3. Defendant's Emergency Motion to Suspend Execution of Sentence – doc. no. 1 at Civ. No. 19-01684)**

There is no need to suspend the execution of Defendant's sentence.

First, this Court carefully considered all of the arguments raised before and during Defendant's sentencing hearing. For example, in his sentencing memorandum (ECF 58), which was filed in advance of the sentencing hearing, Defendant requested a downward departure or variance, specifically a non-custodial sentence, based upon his age, his medical conditions, his behavior while on pretrial release, his familial support, his work ethic and other considerations.

During the sentencing hearing, this Court heard from various individuals who testified on Defendant's behalf. Also, during the hearing, the Court specifically asked Defendant's counsel about the pattern of similar criminal conduct over the past several years. After responding to the Court's question, the Court indicated that because of the Defendant's criminal history and his

pattern of criminal activity in recent years, a non-custodial sentence could not be granted; however, the Court further noted that the 6-month term of imprisonment represented a below-guideline sentence, given that Defendant's guideline range was 8-14 months.

At the end of the sentencing hearing, Defendant's counsel requested that Defendant be permitted to self-report.  The Court granted that request.  The Court asked Defendant if he wanted to be incarcerated as close as possible, consistent with his classification by the Bureau of Prisons, to the Western District of Pennsylvania, and counsel indicated that Defendant would prefer to be so located.

Second, following the sentencing hearing, and as noted above, Defendant's counsel presented the Court with a Motion to Clarify (ECF 68).  After reviewing this Motion and the Government's Response to same(ECF 70), the Court held that it could not grant Defendant the relief sought because the calculation and determination of the amount of time (days) Defendant would actually have to serve in a federal prison given the Court-ordered six-month sentence, resided exclusively within the province of the Bureau of Prisons and the Attorney General.  The Court also held it could not order that Defendant be incarcerated in either the Green or Washington County Jails, because by law, this Court cannot dictate to the Bureau of Prisons where Defendant should be incarcerated.

For all of the reasons this Court announced during Defendant's sentencing hearing and as this Court set forth in its statement of reasons which can be found in the Judgment (ECF 67), Defendant must serve a six-month custodial sentence without further delay.

**ORDER OF COURT**

Counsel for Defendant withdrew Defendant's *pro se* Motion to Vacate Sentence under 28 U.S.C. § 2255 (ECF 76) and therefore that Motion is no longer before this Court. The counseled Motion to Vacate Sentence under 28 U.S.C. § 2255 (ECF 75) is hereby DISMISSED without prejudice.

Defendant's counseled Motion for Extension of Time (doc. no. 4, at Civ. No. 19-01684) is DENIED AS MOOT.

Defendant's Emergency Motion to Suspend Execution of Sentence (doc. no. 1 at Civ. No. 19-01684) is DENIED.

SO ORDERED, this 9th day of December, 2020,

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:    All ECF Registered Counsel of Record